UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

E.A. SWEEN COMPANY,

Plaintiff,

v.

HILTON HOTELS CORPORATION, HILTON RESERVATIONS WORLDWIDE LLC, and HILTON HOSPITALITY, INC.,

Defendants.

Civil Action No. 01-CV-1427 JRT/FLN

CONSENT JUDGMENT AND PERMANENT INJUNCTION

Plaintiff, E.A. Sween Company (hereinafter "E.A.Sween") filed its Complaint on August 7, 2001 against Hilton Hotels Corporation, Hilton Reservations Worldwide LLC and Hilton Hospitality, Inc. (hereinafter collectively referred to as "Hilton"). The Complaint asserted claims against Hilton for trademark infringement, unfair competition and dilution under the federal Lanham Act, 15 U.S.C. §1114, §1125(a) and §1125(c). Hilton filed its Answer and Counterclaim on September 4, 2001.

The parties hereto, having agreed upon a resolution of this matter prior to a trial on the merits, hereby stipulate and consent to this Consent Judgment and Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order and decree herein.

NOW THEREFORE, upon consent of the parties hereto, IT IS ORDERED ADJUDGED AND DECREED:

1. This court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Plaintiff's claims for federal trademark infringement, unfair competition and dilution arise under the trademark laws of the United States, 15 U.S.C. §§ 1114, 1125(a), and

FILED ________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

1125(c) respectively. Hilton's counterclaim for cancellation of Plaintiff's trademark registrations arises under the trademark laws of the United States, namely 15 U.S.C. §1119.

2. E.A. Sween owns the DELI EXPRESS trademark and service mark, and U.S. Reg. Nos. 1,220,359; 1,265,869; 1,273,109 and 1,280,049. E.A. Sween's DELI EXPRESS trademark and service mark are valid and enforceable. E.A. Sween's federal registrations, namely, U.S. Reg. Nos. 1,220,359; 1,265,869; 1,273,109 and 1,280,049 are valid and enforceable. E.A. Sween's above-referenced federal registrations are incontestable pursuant to 15 U.S.C. § 1065.

3. Since 1997 and without any instances of known confusion with E.A. Sween, Hilton has used in good faith the designation DELI EXPRESS in connection with an express service delicatessen style restaurant at the Hilton Washington & Towers hotel, on menus, signs, in-room hotel materials, displays, other collateral materials and on the Internet.

4. The DELI EXPRESS designation used by Hilton is similar in sound, appearance and commercial impression to E.A. Sween's trademark and service mark DELI EXPRESS.

5. Without admission of liability for any wrongdoing alleged in the Complaint, Hilton, its subsidiaries and their respective agents, representative, employees, successors and assigns, shall be and are hereby permanently enjoined, after a phase out period described in paragraph six (¶6) hereof, from using the designation "DELI EXPRESS" or any designation phonetically identical to "DELI EXPRESS", whether used alone or with other words or designs, to market, advertise, promote or identify products or services not produced, offered or authorized by E.A. Sween.

6. Hilton shall immediately commence a phase out of its use of DELI EXPRESS, and shall complete such phase out as promptly and as reasonably practicable while making every attempt to avoid destruction of materials and unnecessary costs. In any event, the phase out

period shall expire on March 30, 2002. No later than March 30, 2002, Hilton shall remove all remaining signage or other materials used by Hilton bearing the designation DELI EXPRESS.

7. Judgment is hereby entered in favor of E.A. Sween on all counts of the Complaint against Hilton. Hilton's counterclaim is dismissed with prejudice.

8. Each party shall pay its own attorneys fees and costs that have accrued on or before the execution of this Consent Judgment and Permanent Injunction and neither party shall recover from the other party monetary damages of any kind.

9. This Court retains jurisdiction over this Consent Judgment and Permanent Injunction and any application with regard to enforcement thereof shall be directed to this Court.

IT IS SO ORDERED.

Dated: Feb. 7, 2002

The Honorable John R. Tunheim
United States District Court Judge

SO AGREED AND STIPULATED:

Respectfully Submitted,

E.A. SWEEN COMPANY

Dated: 1-30-02

By: Steve Hoese
Steve Hoese
Senior Vice President, Finance

FISH & RICHARDSON P.C., P.A.

Dated: 1-30-02

By: Stephen R. Baird
Stephen R. Baird
Ann N. Cathcart Chaplin
3300 Dain Rauscher Plaza
60 South Sixth Street
Minneapolis, Minnesota 55402

HILTON HOTELS CORPORATION

Dated: 1-22-02

By: Dennis Koci
Name: Dennis Koci
Title: SVP

HILTON RESERVATIONS WORLDWIDE LLC

Dated: 1-24-02

By: Sam Perry
Name: Sam Perry
Title: President

HILTON HOSPITALITY, INC.

Dated: 1-22-02

By: Carey J. Dutton
Name: Carey J. Dutton
Title: Vice President

Dated: 1-29-02

FAEGRE & BENSON L.L.P.

By: Felicia J Boyd

Felicia J. Boyd
90 South Seventh Street
Minneapolis, MN 55402-3901
(612) 766-7000
Fax: 612-766-1600
Attorneys for defendants
Hilton Hotels Corporation
Hilton Reservations Worldwide LLC, and
Hilton Hospitality, Inc.

Dated: 1-28-02

BAKER BOTTS L.L.P.

By: Paul J Reilly

Paul J. Reilly
30 Rockefeller Plaza
New York, New York 10112
Tel: (212) 705-5000
Fax: (212) 705-5020
Attorneys for defendants
Hilton Hotels Corporation
Hilton Reservations Worldwide LLC, and
Hilton Hospitality, Inc.